Reese, J.
delivered the opinion of the court.
Three objections have been taken in argument by the coum sol lor the plaintiff in error to the proceedings and judgment *353 of the court below. First, that the defendant below having returned no inventory, it was not competent for the court to hear proof to fix the defendant below with assets, but the remedy of the plaintiff in such case is by action on the administration bond. To sustain this position we have been referred to cases in the State of New York. These cases have been founded upon a statute, of that State. By the principles of the common law, and the immemorial practice of the courts jn England and in Tennessee, upon the issue of fully administered the plaintiff may show and prove assets not included in the inventory.- Second, that the court erred in charging the jury that if the supposed gift from the father to the son were made to defeat or embarrass the creditors of the former in the collection of their just debts, the adverse possession of the son as against the father would not give him title as against the creditors of the father, or prevent thé négroes in question from being regarded in a suit by such creditors ás assets. This we consider as thé méaning and legal effect of the charge. Ás an abstract and general proposition, the charge upon the point was erroneous; but in the aspect of the proof and the attitude of the parties before the court, we do not deem it such error as would make it the duty of this court to i’eversó the judgment; first, because there was no proof of a gift, written or verbal, from the father to the son, accompanied by delivery and followed by an exclusive adverse possession for three years, and because, especially, in the second place, we have at this term of the court decided, in the case of Jones vs. Read, that the statute of limitation, in the case of a fraudulent gift or conveyance, runs in favor of the vendee or donee against the vendor’s or donor’s creditors from the time only when they obtain judgment against the vendor or his representatives. In this case the judgment in Yirginia is not such judgment as is referred to in the above case, but was the evidence only upon which to obtain a judgment in this State. The statute, therefore, in such case would not give to the fráudulent vendee or do-nee a good title as against the creditor, the plaintiff in this action. But, thirdly, it is contended that the judgment shall be reversed, because the verdict of the jury upon the plea of *354 fully administered finds that the defendant had received assets which he had not paid out to an amount much larger than the amount of the plaintiff’s debt in the declaration mentioned, which was seven hundred and four dollars and ninety-six cents, and they assess the damages at three hundred and forty-dollars and twenty-two cents. The term “much larger amount” is too vague to cover the damages assessed; the jury should have ascertained by their finding the assets to be co-extensive with the amount of the entire verdict. This is well settled by authority. See 9 Yerger, 414, and the cases there cited. The proof making it more than probable that the assets greatly exceeded the amount of the verdict, we feel much reluctance in setting aside the judgment, but we are constrained to do so.